STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE
ORLEANS DISTRICT COURT

NUMBER: _____                              SECTION: _____

ANDREA KOHN

VERSUS

DR. KRISTI M. SOILEAU, D.D.S.

FILED: _____                           DPTY: _____

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Andrea Kohn, who respectfully represents the following:

1.

Plaintiff, is an individual of the full age of majority and is domiciled in the State of Florida.

2.

Defendant, Dr. Kristi M. Soleau is an individual of the full age of majority and is domiciled in the Parish of Orleans, State of Louisiana, and may be served at: 2820 Napoleon Avenue, New Orleans, Louisiana 70115.

3.

At all times mentioned herein, plaintiff, Andrea Kohn, underwent a subepithelial tissue graft surgery performed by defendant, Dr. Kristi M. Soileau, D.D.S., in Orleans Parish, State of Louisiana.

4.

Plaintiff did not receive informed consent for her surgery that was performed by defendant, Dr. Kristi M. Soileau, D.D.S., on or about May 17, 2011.

5.

The surgery that was performed on or about May 17, 2011, was not the surgery that was never discussed between plaintiff and defendant, Dr. Kristi M. Soileau, D.D.S., prior to plaintiff's surgery.

6.

Plaintiff's plan of care with defendant, Dr. Kristi M. Soileau, D.D.S., included gum grafts to teeth #6, and #s 24 and 25.

EXHIBIT 1-A

7.

On or about April 21, 2011, when plaintiff signed the surgical consent, defendant, Dr. Kristi M. Soileau, D.D.S., and plaintiff discussed which procedure to do first. At that time, defendant, Dr. Kristi M. Soileau, told plaintiff that tooth #6 was in greater need and was therefore the tooth most in "jeopardy."

8.

During this same meeting on or about April 21, 2011, defendant, Dr. Kristi M. Soileau, D.D.S., described a "flap procedure" at both the donor and surgical site that would be "less painful, provide a faster recovery and not leave a large gaping wound on my palate."

9.

Additionally, at the meeting on or about April 21, 2011, defendant, Dr. Kristi M. Soileau, D.D.S., never discussed with plaintiff the tunneling procedure, and it was not mentioned to her until post-op on or about May 31, 2011, when plaintiff advised defendant that she did not expect a large wound on her palate.

10.

Therefore, defendant, Dr. Kristi M. Soileau, D.D.S., never discussed the tunneling procedure, nor was plaintiff ever informed by defendant of a change in her plan of care. Plaintiff consented to, and expected, a flap procedure. Defendant, subsequent to the surgery of April 21, 2011, told plaintiff that she did not do the procedure that plaintiff agreed to because it was "too intensive" for plaintiff, which contradicted what defendant originally told her, e.g. paragraph 8 of this Petition for Damages.

11.

Plaintiff was initially told by defendant, Dr. Kristi M. Soileau, that the surgery was necessary if she desired to keep tooth #6; on or about June 6, 2011, defendant told plaintiff that this procedure was cosmetic only and that she was never in danger of losing tooth #6.

12.

Plaintiff submits that defendant, Dr. Kristi M. Soileau, D.D.S., committed an error during the surgery of April 21, 2011, that caused tooth #7 to move. This was admitted by defendant on or about May 26, 2011.

13.

On or about May 26, 2011, Dr. Soileau admitted that tooth #7 had moved and/or shifted. This was evidenced by the surgical stent taken from a mold of plaintiff's teeth prior to surgery that did

not fit over tooth #7 after the surgery of April 21, 2011. As a consequence, plaintiff had to undergo bite adjustments to her mouth/tooth #7, in order to adjust her occlusion that occurred after the aforementioned surgery.

14.

Plaintiff submits that defendant caused further damages to her during the "tunneling procedure" to the V2 distribution of the trigeminal nerve which caused tremendous physical pain and suffering well over a year.

15.

The damage to the V2 distribution was admitted by defendant, Kristi M. Soileau, D.D.S. during an office visit with plaintiff. Although this nerve trauma is rare from this type of surgery, it will happen if the "tunneling procedure" is performed too high on the patient's gums. Please note that plaintiff never agreed to a "tunneling procedure."

16.

Additionally, the post-op x-rays of tooth #7, indicated that there is a "dark spot" which was not endodontic but a sign of trauma to the tooth.

17.

Plaintiff submits that defendant, Dr. Kristi M. Soileau, D.D.S., later dropped plaintiff from her dental care and refunded plaintiff's surgical fee.

18.

Plaintiff also submits that defendant, Dr. Kristi M. Soileau, D.D.S., provided many different accounts to plaintiff, i.e. changed her story numerous times, and plaintiff was never satisfied with defendant's explanation(s) especially after she was told contradictory things and/or received a surgical procedure she did not ask for, nor consent to.

19.

Plaintiff's injuries were solely and proximately caused by the negligence of defendant, Dr. Kristi M. Soileau, D.D.S., including but not limited to the following acts of negligence:

    a.    Performing a "tunneling procedure" on plaintiff rather than a "flap procedure";

    b.    Performing a surgical procedure, either by itself, and/or in conjunction with another, without fully explaining it to plaintiff and the consequences thereof;

    c.    Not obtaining the proper informed consent for the "tunneling procedure" and/or failing to fully inform plaintiff that was the surgery that was going to be performed;

d. Failing to properly perform the "flap procedure" and/or "tunneling procedure", or both;

e. Failing to properly perform the "flap procedure" and/or "tunneling procedure", or both, and not advising plaintiff that her tooth (specifically #7) could, and did, shift;

f. Failing to properly perform the "flap procedure" and/or "tunneling procedure", or both, thereby causing damage to the V2 distribution of the trigeminal nerve;

g. Failing to perform the "flap procedure" and/or "tunneling procedure", or both, within the standard of care, to prevent damage to the V2 distribution of the trigeminal nerve;

h. Failing to inform plaintiff that the surgery of April 21, 2011, was cosmetic only and not for the sole and necessary purpose of saving tooth #6;

i. Performing an unnecessary surgery;

and any other acts of negligence that may be discovered during this case.

20.

As a direct and proximate result of the negligent treatment rendered by the defendant, Dr. Kristi M. Soileau, D.D.S., plaintiff was caused to suffer serious personal injuries for which she makes a claim for compensatory damages with said damages being reasonable in the premises. These compensatory damages include but are not limited to medical expenses, physical pain and suffering, mental pain and suffering, residual disability, loss of enjoyment of life, loss of wages and/or earning capacity, with all such damages pertaining to the past, present and future.

21.

This case was properly filed before a Medical Review Panel prior to the running of prescription. A decision was rendered by a Medical Review Panel on January 9, 2014, with plaintiff receiving notification of the decision by certified mail on January 27, 2014.

22.

Plaintiffs are entitled to damages for the items set forth above in such amounts as are reasonable in the premises, which damages are greater than Fifty Thousand and No/100 ($50,000.00) Dollars.

23.

Plaintiff requests a trial by jury.

**WHEREFORE**, petitioners pray:

1. That this petition, together with citation, be issued and served according to law on the defendant mentioned in paragraph two (2) of this petition;

2. After the lapse of all legal delays and proceedings are had, there be judgment against

the defendant, Dr. Kristi M. Soileau, D.D.S., in favor of plaintiff, Andrea Kohn, in such amounts as are reasonable in the premises;

3. For legal interest from date of judicial demand on all amounts awarded, and for all costs of these proceedings;

4. Plaintiff requests a trial by Jury; and

4. For all necessary orders and decrees as may be required or proper in the premises and for full, general and equitable relief.

Respectfully submitted,

Craig S. Watson
LSBA Number: 14485
3909 Plaza Tower Drive
Baton Rouge, LA 70816
225-292-3800
225-292-3803 (telecopier)
225-324-3123 (cell)
Email: sailfish01@aol.com

**ATTORNEY FOR PLAINTIFF**

**PLEASE HOLD SERVICE**